# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Criminal Case No. 09-cr-00497-BNB**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**

**1.    RICK GLEN STRANDLOF,**
      **aka  RICK DUNCAN,**

     **Defendant.**

---

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS THE INFORMATION

---

The information filed in this case by the government should not be dismissed because the Stolen Valor Act does not violate the First Amendment of the United States Constitution. Specifically, the Stolen Valor Act is not unconstitutionally overly broad or vague and has a broad, legitimate sweep that promotes the important Governmental interest in recognizing valor in our armed forces. Further, the defendant's false claims that he was awarded the Purple Heart and the Silver Star is not a constitutionally protected form of speech because there is no constitutional value in false statements of fact.

## BACKGROUND

On October 1, 2009, a criminal complaint and arrest warrant were filed against the defendant for violating Title 18, United States Code, Section 704(b) and (d), False Claims about Receipt of Military Decorations or Medals. The complaint states that Captain Rick Duncan established a veterans organization called the Colorado Veteran's Alliance. Duncan is the name

that Rick Glen Strandlof used to create the organization.  The defendant made several representations that he was a graduate of the United States Naval Academy, an Iraqi War veteran, a former Captain in the United States Marine Corps that suffered from combat wounds, and that he was awarded the Purple Star Medal and Silver Star Medal.  Regarding the medals, the complaint states that the defendant informed an Army National Guardsman veteran that he suffered a brain injury and was awarded the Purple Heart Medal.  Also, during a meeting that was held to discuss an upcoming luncheon to solicit donations for veterans, the defendant stated to the attendees that he received the Purple Heart.

Title 18, United States Code, Section 704(b); False claims about receipt of military decorations or medals states: Whoever falsely represents himself or herself, verbally or in writing, to have been awarded any decoration or medal authorized by Congress for the Armed Forces of the United States, any of the service medals or badges awarded to the members of such forces, the ribbon, button, or rosette of any such badge, decoration, or medal, or any colorable imitation of such item shall be fined under this title, imprisoned not more than six months, or both.  Section 704(d) references the enhanced penalties described in subsection (b) for offense involving the Purple Heart and Silver Star Medals.

On October 16, 2009, the government filed a five count information charging that the defendant made false claims about receiving the Purple Heart Medal and Silver Star Medal.  On the same date, the defendant was arraigned and entered a plea of not guilty.  On October 18, 2009, the defendant's bond hearing was held, and the defendant was ordered to a halfway house once space became available pending his criminal case.  On December 2, 2009, the defendant filed a motion to dismiss the information and the government files this response in reply.

ARGUMENT

Title 18, United States Code, Section 704(b) is not unconstitutionally overly broad or vague.   A statute can be declared facially invalid only if it is "written so broadly that [the statute] may inhibit the constitutionally protected speech of third parties." *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984).   The overbreadth doctrine is described as "strong medicine" by the Supreme Court, and the Court has limited its application to cases where "the overbreadth of a statute [is] not only...real, but substantial as well, judged in relation to the statute's plainly legitimate sweep."   *See Broadrick v. Oklahoma*, 413 U.S. 601, 613, 615 (1973). In this case, when judged against its broad, legitimate sweep, 18 U.S.C. § 704(b) has only a limited impact on constitutionally protected forms of speech, and is therefore constitutional.

18 U.S.C. § 704(b) has a broad, legitimate sweep that promotes the important governmental interest of protecting the valor in our armed forces.   The statute reflects the government's legitimate interest in recognizing the valor of service in our armed forces, and prevents those that have not earned such commendations from falsely representing that they were rewarded such significant commendations and diluting their value.   The value in being awarded one of these medals is defined by the hardships, courage, bravery, dedication, and sacrifice displayed by those that serve.   The value is earned, not given or stolen with false statements. Congress in 2006 amended the act to increase the penalty sections because "legislative action is necessary to permit law enforcement officers to protect the reputation and meaning of military decorations and medals."   Stolen Valor Act of 2005, Pub. L. No. 109-437, § 2, 120 Stat. 3266, 3266 (2006).

Federal courts have upheld the government's interest in rewarding and recognizing the efforts and importance of our armed forces.   The Supreme Court has recognized our country's longstanding policy of compensating veterans by providing them with numerous advantages for their past contributions as a "plainly legitimate" interest.   *See Hooper v. Bernalillo County Assessor*, 472 U.S. 612, 620 (1985) *quoting Regan v. Taxation With Representation of Wash.*, 461 U.S. 540, 551 (1983).   Equal protection challenges to a statute that gave preferential treatment to veterans was denied with the court finding that the statute had a legitimate interest. *Russell v. Hodges*, 470 F.2d 212, 218 (2d Cir. 1972).   The Court described the interest as "[t]he desire to compensate in some measure for the disruption of a way of life and often of previous employment occasioned by service in the armed forces and to express gratitude for such service." *Id*. 18 U.S.C. § 702, which prohibits the wearing of military uniforms without authorization is a valid statute on its face.   *See Schact v. United*, 398 U.S. 58, 61 (1970).   Simply, promoting, recognizing, and protecting the valor of armed services and those that have risked their lives for our country is an important governmental interest.[1]

The defendant argues that protecting the reputation of military decorations is a legitimate government interest, it is not compelling and therefore it does not survive within the context of the First Amendment.   This simply is incorrect and does not make sense.   First, the defendant fails to explain how and why preventing damage to the reputation and the meaning associated with military decorations and medals is not an important or substantial government interest.

---

[1]   The defendant cites *Texas v. Johnson*, 491 U.S. 397 (1989), to support his argument that the statute does not promote an important governmental interest.   Def. Mot. at 6.   *Johnson* did not concern recognizing military valor or even professional reputation.   *Johnson* dealt with Texas' state interest of prohibiting flag burning.

*United States v. McGuinn*, 2007 WL 3050502, at 2 (S.D.N.Y.), unpublished.  Second the

defendant's argument that the protection is not compelling and placing judgments about truth and

falsity in the hands of judges and juries is "misplaced."  *Id*.  The defendant in invoking a *New*

*York Times Co. v. Sullivan* theory to this case fails because "*Sullivan* stands for the proposition

that an injury to reputation may be sufficient where a public official, claiming defamatory

falsehood relating to his official conduct, proves that the statements were made with actual

malice." Id. *citing New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1984).  A "*Sullivan*"

theory is not appropriate for this case because it does not involve libel or the standard for

recovering damages in a libel action.  *McGuinn* at 2.

For a federal statute not to be unconstitutionally vague under the Fourteenth Amendment

due process law, the law must "give the person of ordinary intelligence a reasonable opportunity

to know what is prohibited" and "provide explicit standards for those who apply them."  *Grayned*

*v. City of Rockford*, 408 U.S. 104, 108 (1972), *citing Connally v. Gen. Constr. Co.*, 269 U.S. 385,

391 (1926).  The Fourteenth Amendment provides that no state shall deprive any person of life,

liberty, or property, without due process of the law.  U.S. Const. amend. XIV, § 1.  The void-for-

vagueness doctrine requires that a statute "define [the] criminal offense with sufficient

definiteness that ordinary people can understand what conduct is prohibited and in a manner that

does not encourage arbitrary and discriminatory enforcement."  *Kolender v. Lawson*, 461 U.S.

352, 357 (1983).  If the doctrine is applicable for a case, the court needs to impose a two-prong

test to determine if the statute is unconstitutionally vague: (1) does the statute give a person of

ordinary intelligence a reasonable opportunity to know what is prohibited; and (2) does the law

provide explicit standards for law enforcement.  *See Chatin v. Coombe*, 186 F.3d 82, 87 (2d Cir.

1999).  In this case, the complainant must show that the law is impermissibly vague in all of its applications.  *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 497 (1982). "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. [***emphasis added***] A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." *Id*. at 495.

18 U.S.C. §704 (b) is not facially vague.   Section 704(b) clearly makes it a crime for a person to falsely represent, verbally or in writing, to have been awarded a military medal.  This statute is not one where "men of common intelligence must necessarily guess at its meaning." *See Connally* at 391.  The statute's meaning is very clear.   One could argue that every statute has some ambiguity within it, however, the void-for-vagueness doctrine does not require "mathematical certainty." *See Grayned* at 104.  The Supreme Court states that some inherent vagueness is permissible because it is simply inevitable not to have some inherent vagueness within statutory creation.  *See Rose v. Locke*, 423 U.S. 48, 49-50 (1975).  Void-for-vagueness challenges are successful when pertaining to ill-defined words in the statute that an average person would not know what exactly is prohibited.  *See Keyishian v. Bd. of Regents*, 385 U.S. 589 (1967).   There is nothing vague about section 704(b), and the plain commonly used words of the section puts a person of ordinary intelligence on notice that falsely stating to have been awarded military medals is a crime.

Further, 18 U.S.C. § 704(b) provides adequate guidance to law enforcement.   The statute provides the "minimal guidelines to govern law enforcement" and prevents the "standardless

sweeps" by the police, prosecutors, and juries in pursuing their "personal predilections." [2]

*Kolender v. Lawson,* 461 U.S. 352, 358 (1983).  Statutes do not provide clear guidance to law

enforcement only when vague words within the statute give law enforcement the discretion to

interpret the statute from moment-to-moment.  *See Kolender at 369*.  Here, the statute provides

clear guidance for its enforcement and therefore is not vague.  The defendant in this case was

arrested because he falsely stated that he received the Purple Heart and Silver Star Medals when

portraying himself as a United States Marine Corps wounded veteran organizing a non-profit

organization.   Investigation into the defendant's actions revealed that he never even served in the

military.  The defendant's criminal conduct falls within the core of the statute's prohibition and

therefore easily meets the "minimal guidance" test.

More so, the defendant's argument fails on its face.   The defendant states that the statute

could apply to an actor or by one that is bragging or acting in satire.  Def. Mot. at 9.  As stated,

the defendant complaining of the vagueness of the law as applied to the conduct of others is not

enough.  *See Hoffman Estates* at 495.  Also, the defendant fails to make any challenge to the

words in the statute.   Obviously, even the defendant cannot challenge the  plain meaning of the

statute.   Before looking at a hypothetical, this Court must consider the defendant's conduct.  *Id*.

The defendant's conduct was falsely representing that he was awarded military medals for

military service for which he never had served.

Finally, the defendant's statements that he received various military medals knowing that

it was false is not a protected form of speech under the First Amendment.  The First Amendment

---

[2]  The void-for-vagueness doctrine does not ban all discretion by prosecutors or the police since effective law enforcement requires some law enforcement judgement.  See Wright & Miller: Federal Prac. & Proc. s 3531.9.4, Rights of Others Severability and Overbreadth (2009), *citing Thibodeau v. Portundo*, 486 F.3d 61, 69 (2d Cir. 2007).

protects false speech but not in instances where it is "made with knowledge or reckless disregard of its falsity." *Gertz V. Robert Welch, Inc.*, 418 U.S. 323, 339 (1974).  "There is no constitutional value in false statements of fact." *Id*.  Clearly, the defendant in portraying himself as an Iraqi War veteran and one who was rewarded military medals knew of its falsity since he never served in the military.

Dated this 11th day of December, 2009.

Respectfully submitted,

DAVID M. GAOUETTE
United States Attorney

By:    s/Jeremy Sibert
JEREMY SIBERT
Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado  80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Jeremy.Sibert@usdoj.gov
Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2009, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS THE INFORMATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

**Robert William Pepin**
Robert_Pepin@fd.org,COX_ECF@fd.org

s/Valerie Nielsen
VALERIE NIELSEN
Legal Assistant
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax:   (303) 454-0406
E-mail: valerie.nielsen@usdoj.gov