**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 09-cr-00497-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. RICK GLEN STRANDLOF,
      a/k/a Rick Duncan,

      Defendant.

## ORDER FOR SUPPLEMENTAL BRIEFING

**Blackburn, J.**

      The matter before me is defendant's **Motion To Dismiss Information** [#13] filed December 2, 2009. Defendant argues that the charges brought against in this criminal action him violate his First Amendment right of free speech. Because the motion raises issues more complex than appreciated by the briefing that has been submitted, I order supplemental briefing.

      Defendant is charged with violating the Stolen Valor Act of 2005 (the "Act"), codified at 18 U.S.C. § 704(b) & (d). As originally enacted, section 704 criminalized the wearing, manufacture, or sale of unauthorized military awards. *See* 18 U.S.C. § 704(a). Congress, however, felt that these protections were inadequate to protect "the reputation and meaning of military decorations and medals." Pub. L. No. 109-437 § 2, 102 Stat. 3266, 3266 (2006). According to one of the bill's sponsors, "there are some individuals who diminish the accomplishments of [military] award recipients by using medals they have not earned. These imposters use fake medals – or claim to have

medals that they have not earned – to gain credibility in their communities.  These fraudulent acts can often lead to the perpetration of very serious crimes." Remarks of Senator Conrad, **Statements on Introduced Bills and Joint Resolutions**, 151 Cong. Rec. S12684-01, S12688 (Nov. 10, 2005).

The Act makes it a crime to

> falsely represent[] [oneself], verbally or in writing, to have been awarded any decoration or medal authorized by Congress for the Armed Forces of the United States, any of the service medals or badges awarded to the members of such forces, the ribbon, button, or rosette of any such badge, decoration, or medal, or any colorable imitation of such item . . .

18 U.S.C. § 704(b). Section 704(d) provides enhanced penalties for violations implicating certain types of military honors, including the Purple Heart and the Silver Star.  The Amended Information charges defendant with falsely representing himself to have been awarded a Purple Heart on four separate occasions in 2006 and 2009, and falsely representing that he had been awarded a Silver Star on one occasion in 2009. The Amended Information does not charge defendant with wearing unauthorized military decorations or otherwise violating 18 U.S.C. § 704(a), nor does it allege that any third party was actually misled or defrauded by defendant's misrepresentations.

The express language of the Act, now codified at section 704(b), is markedly different from the language of the original statute, codified at section 704(a).  Whereas section 704(a) punishes the act of knowingly wearing, manufacturing, or selling military decorations without authorization, section 704(b) purports to criminalize the mere

representation that one has earned such awards.[1]  It requires no further action or effect, such as that the falsehood induced reliance thereon or otherwise caused detriment to innocent third parties.  **Cf. United States v. Harmon**, 496 F.2d 20, 20-21 (2nd Cir. 1974) (finding that charges of violating 18 U.S.C. § 912, which prohibits impersonating an officer of employee of the United States, were properly dismissed where indictment did not allege that defendant "performed any acts under the guise of this assumed identity").  Moreover, the penalties imposed by the Act are based clearly on the content of the speaker's representation, *i.e.*, that one has received the military honors represented by the decorations.

In short, it appears to this court that the Act purports to criminalize pure speech on the basis of its content.  A law that imposes a content-based restriction on pure speech generally is subjected to strict scrutiny and cannot stand unless it is narrowly tailed to serve a compelling government interest.  **Boos v. Barry**, 485 U.S. 312, 321, 108 S.Ct. 1157, 1164, 99 L.Ed.2d 333 (1988).  **See also Sable Communications of California, Inc. v. FCC**, 492 U.S. 115, 126, 109 S.Ct.2829, 2836, 106L.Ed.2d 93 (1989) (stating the test in terms of whether content-based regulation employs "least restrictive means" to accomplish the compelling government interest).  A compelling governmental interest is an interest "of the highest order." **Wisconsin v. Yoder**, 406 U.S. 205, 215, 92 S.Ct. 1526, 1533, 32 L.Ed.2d 15 (1972) .  Accordingly, the universe of interests sufficiently compelling to justify content-based restrictions on pure speech is

---

[1] Although the Act prescribes no *mens rea* requirement, under accepted doctrines of statutory interpretation, one may be implied.  **See  Staples v. United States**, 511 U.S. 600, 605-06, 114 S.Ct. 1793, 1797, 128 L.Ed.2d 608 (1994).

3

extraordinarily limited.  *See, e.g.*, *Sable Communications*, 109 S.Ct. at 2836 ("We have recognized that there is a compelling interest in protecting the physical and psychological well-being of minors."); *Haig v. Agee*, 453 U.S. 280, 307, 101 S.Ct. 2766, 2782, 69 L.Ed.2d 640 (1981) ("It is obvious and unarguable that no governmental interest is more compelling than the security of the Nation.") (citation and internal quotation marks omitted).

My research has revealed no precedent from any jurisdiction holding that the protection of the honor and reputation of military awards qualifies as a compelling government interest sufficient to justify a content-based regulation of pure speech. Indeed, Supreme Court precedent regarding restrictions on flag burning, a different but not totally unrelated area, would seem to indicate that it does not.  *See Texas v. Johnson*, 491 U.S. 397, 403-07, 109 S.Ct. 2533, 2538-41, 105 L.Ed.2d 342  (1989).  At least one federal court has found that the government has  a "legitimate" interest in safeguarding the dignity associated with military decorations in connection with the expressive conduct of wearing unauthorized military medals.  *United States v. McGuinn*, 2007 WL 3050502 at *3 (S.D.N.Y. Oct. 18, 2007).[2]   That decision, however, is of little import here, since regulations that impact expressive conduct, such as flag burning and the wearing of military medals, are typically subject to a more lenient standard, and can be upheld on a less stringent showing of governmental interest, than those that are directed at pure speech.  *See Johnson*, 109 S.Ct. at 2540 ("The government generally has a freer hand in restricting expressive conduct than it has in

---

[2]   However, I am not persuaded that this decision withstands scrutiny in light of *Texas v. Johnson* .

4

restricting the written or spoken word."). A determination that there is a "legitimate" or "important" government interest in preserving the reputation and dignity of military awards, therefore, does not suggest that such interest necessarily would be found compelling.

On the other hand, it is not readily apparent to this court whether and, if so, to what extent, these precedents apply when the speech complained of is admittedly a false statement of fact, untethered from an expression of an idea or opinion. Defendant relies heavily on ***New York Times Co. v. Sullivan***, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), for the proposition that tolerance of some false speech is required in order to preserve the free exchange of ideas that is the foundation of our democratic society. Yet it is not at all evident how, if at all, that decision, which established standards governing the circumstances under which media outlets may be held civilly liable for defamation, translates to the realm criminal law. ***See McGuinn***, 2007 WL 3050502 at *2. Of course, "[f]raudulent misrepresentations can be prohibited and the penal laws used to punish such conduct directly." ***Village of Schaumburg v. Citizens for a Better Environment***, 444 U.S. 620, 637-638, 100 S.Ct. 826, 836, 63 L.Ed.2d 73 (1980). ***But see United States v. Williams***, 553 U.S. 285, –, 128 S.Ct. 1830, 1852 n.2, 170 L.Ed.2d 650 (2008) (Souter, J., dissenting) ("The fact that fraud is a separate category of speech which independently lacks First Amendment protection changes the analysis . . . although it does not necessarily dictate the conclusion. The Court has placed limits on the policing of fraud when it cuts too far into other protected speech."). Yet the Act does not require that anyone be defrauded, misled, or otherwise harmed by the misrepresentation, and the Amended Information does not so charge.

The current briefing attendant to the motion on these issues is inadequate to permit the court to make a well-informed decision. Given the intricacies and foibles of First Amendment law, it would not surprise the court to learn that additional issues and considerations that also should be addressed and analyzed. Thus, I will require the parties to submit supplemental briefing addressing the issues raised herein as well as any others that may be implicated. In addition, I will invite *amicus curiae* briefs, subject to the requirements and restrictions set forth below.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant **SHALL FILE** a supplemental brief pertinent to his **Motion To Dismiss Information** [#13] filed December 2, 2009, on or before **January 4, 2010**;

2. That the government **SHALL FILE** a supplemental response brief on or before **January 11, 2010**;

3. That any *amicus curiae* **MAY FILE** a motion for leave to file a brief regarding the issues raised by an inherent to the motion by no later than **January 11, 2010**. Any such motion must:

    a. State the movant's identity and interest in the case;

    b. Indicate whether the movant supports granting or denying defendant's motion to dismiss; and

    c. Include a proposed brief; and

4. That once all supplemental and any *amicus curiae* briefs have been filed, the court will either rule on the papers, receive oral argument, or take whatever other action is necessary to resolve the motion.

Dated December 18, 2009, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge