# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00497-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     RICK GLEN STRANDLOF,
    aka RICK DUNCAN,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO AMICUS CURIAE BRIEF OF THE AMERICAN CIVIL LIBERTIES UNION OF COLORADO**

---

    The Stolen Valor Act, Title 18, United States Code, Section 704(b) does not violate the First Amendment of the United States' Constitution. The American Civil Liberties Union of Colorado (ACLU) argues the Stolen Valor Act is unconstitutional. The ACLU's position that the statute is unconstitutional is supported by irrelevant legal arguments and selectively cited case law, most of which are not precedent in federal court.

    "[F]reedom of speech which is secured by the Constitution does not confer an absolute right to speak, without responsibility, whatever one may choose, or [is] an unrestricted and unbridled license giving immunity for every possible use of language and preventing the punishment of that freedom; and [Congress has the power to install legislation] that [punishes] those who abuse this freedom by utterances inimical to the public welfare, [disturbs] the public peace, [or tends] to [lead] to crime." *Whitney v. People of State of California*, 274 U.S. 357, 371 (1927). Unlike a knowingly told lie that offers no value to society, there is great value in

protecting the recognition of the honor and valor associated with serving your country in a time of war.

## Argument

The ACLU makes several arguments that are irrelevant to the single issue of whether knowingly making false statements about receiving military awards is protected under the First Amendment. First, the ACLU argues that the Supreme Court upholds the constitutionality of criminal statutes when false statements are material to another's deceptive effort to obtain something of value from another under false pretenses. *See ACLU Amicus Brief* page 5. In support of this position, the ACLU cites *Illinois ex rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 620 (2003), which focuses on an Illinois statute that requires essentially two elements to hold a fundraiser criminally liable for misleading the listener. First, it must be shown that the fundraiser made a false representation of material fact knowing that the representation was false. Second, it must be proved that the fundraiser made the false representation with the intent to mislead the listener, and succeeded in doing so. In making this decision, the Supreme Court ruled that states are allowed to make laws that prohibit professional fundraisers from obtaining money on false pretenses or by making **false statements**. *See Madigan* 538 U.S. at 624. It is important to recognize that the Supreme Court upheld the Illinois statute based on the Court's willingness to protect actions that result from false statements.

Second, the ACLU argues that no government entity may sue for harm to the government's reputation stemming from a false statement about the entity. *See ACLU Amicus Brief* page 6. In addition, the ACLU argues that the First Amendment does not prohibit false statements regarding group defamation. *See ACLU Amicus Brief* page 9. These issues and cases

cited by the ACLU are irrelevant to the issue in this case. The cases cited by the ACLU generally raise the concern that the "democratic structure simply does not tolerate retaliatory efforts by government, whether through threat of criminal or civil suit, to stifle open debate about [the government's] actions, regardless of the speaker's intent." *See College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 919 F.Supp. 756, 760 (Dist. of New Jersey 1996). Mr. Strandlof's knowingly false statements of fact criminalized in this case have nothing to do with statements about a government entity or particular group of people. The government is not bringing a civil action against the defendant for any alleged statements he made about any government entity or group. The facts in the case concern the defendant's own false statements about him receiving military awards. Such a knowing lie adds no value to public debate in our democratic society. The ACLU's arguments concerning this area of law are irrelevant and unpersuasive for the issue presented in this case.

Next, the ACLU argues that knowingly false statements of fact made in the context of election campaigns have been found to be protected by the First Amendment and goes on to cite a few state cases. *See ACLU Amicus Brief* pages 9-10. First, these state cases are not precedent in the Court. Second, the ACLU cites *Mowles v. Comm'n on Governmental Ethics & Elections Practices*, 958 A.2d 897, 905 (Me. 2008) *and Rickert v. Washington Pub. Disclosure Comm'n*, 168 P.3d 826, 831 (Wash. 2007) in support of showing that "courts have conceded that the statutes...[regulate] false statements of fact, but even proof of intentional falsity was not enough to remove the First Amendment shield for such [political/debate] speech." *See ACLU Amicus Brief* page 10. In *Mowles*, the Supreme Judicial Court of Maine struck down a statute that required proof of accuracy in advance of a campaign statement. *Mowles* 958 A.2d at 903. The

court ruled that the state's interest in accuracy and truth of campaign statements in advance was not a compelling state interest to survive strict scrutiny. Id. at 904. The court did leave open the door that political/election campaign speech may by restricted when it clearly advances a compelling reason. *Id*.

In *Rickert*, the Supreme Court of Washington ruled that a state statute that provided protection for candidates for public office did not survive strict scrutiny because protecting candidates is not a compelling government interest and the statute was not narrowly tailored to further that interest. *Rickert* 168 P.3d at 829. The ACLU fails to mention that political speech may be restricted if it tends to cause harm to an individual's reputation, i.e., defamatory.[1] *Id*. at 830. The *Rickert* court held that the speech in that case was nondefamatory and that preserving the integrity of the election process by prohibiting false statements was not the interest asserted by the legislature when constructing the statute. Under Washington law, "[u]nder strict scrutiny, a law burdening speech may not be upheld for any conceivable purpose but must be evaluated according to its actual purpose." *Id*. Further, the court recognized that "[t]he First Amendment exists precisely to protect against laws...which suppress ideas and inhibit free discussion of governmental affairs." *Id*. at 829, *citing*, *Republican Party of Minnesoa v. White*, 536 U.S. 765, 774 (2002). Furthermore, the court recognized that the Supreme Court's pattern of not protecting false statements that were defamatory. False statements about being awarded military medals is not an expression of any ideas or opinions and in no way properly furthers political discussion or debate. Further, the purpose of 18 U.S.C. § 704(b) was to protect the valor

---

[1] The court in *Rickert* defines defamatory as "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."

associated with the award of prestigious military medals.

Further, the ACLU fails to examine the federal law concerning false statements. The Supreme Court stated:

> Although honest utterance, even if inaccurate, may further the fruitful exercise of the right of free speech, it does not follow that the lie, knowingly and deliberately published about a public official, should enjoy a like immunity. At the time the First Amendment was adopted, as today, there were those unscrupulous enough and skillful enough to use the deliberate or reckless falsehood as an effective political tool to unseat the public servant even to topple an administration…That speech is used as a tool for political ends does not automatically bring it under the protective mantle of the Constitution. For the use of the known lie as a tool is at once at odds with the premises of democratic government and with the orderly manner in which economic, social, or political change is to be effected. Calculated falsehood falls into that class of utterances which 'are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality…' hence the knowingly false statement and the false statement made with reckless disregard of the truth, do not enjoy constitutional protection.

*McDonald v. Smith*, 472 U.S. 479, 487 (1985), *quoting, Garrison v. Louisiana*, 379 U.S. 65, 75 (1964), *quoting, Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942). In over half a century, the Supreme Court has clearly not extended First Amendment protection to knowingly false statements and false statements made with reckless disregard of the truth. The social value of a knowingly lie does not warrant any type of protection.

In another attempt to argue that false statements of fact are protected, the ACLU cites cases that struck down century old blasphemy statutes. In support of its argument, the ACLU cites the writings of James Madison quoted in *United States v. Roth*, 237 F.2d 796, 807 (2d Cir. 1957), for the proposition that the core principle of the First Amendment is its protection of speech on matters of religion. *See ACLU Amicus Brief* page 11. However, Madison viewed the freedom of the press as the driving force that 'dispelled the clouds which long encompassed

religion.' *Roth*, 237 F.2d 807. As quoted in *Roth*, James Madison stated,

> [T]he truth of opinion ought not to be subject to imprisonment, to be inflicted by those of a different opinion…a man has property in his opinions and free communication of them, and that a government which violates the property which individuals have in their opinion is not a pattern for the United States.

*Id*. The expression of opinion of any issue including war, religion, politics, and virtually every other topic is entitled to First Amendment protection. More importantly, and conveniently omitted in the ACLU's brief, Madison stated,

> No inference is here intended that the laws provided by the State against **false** and defamatory publications should not be enforced…The press, confined to truth, needs no other restraint.

*Id*. Even one of the Founding Fathers of this country and an author of the United States Constitution, indicated that government had the power to restrict false statements by legislation. Statements made on religion are a viewpoint or opinion and are protected regardless of one believing that any particular religious statement is right or wrong. On the other hand, a false statement of fact does not offer any viewpoint, idea, or opinion and therefore deserves no protection as stated by Madison.

Finally, the ACLU produces a few hypothetical situations suggesting that Congress could create laws that would criminalize the mere falsity of any statement, including a person's false statement of fact on an online profile or a writing regarding an historical event. *ACLU Amicus Brief* page 13. Technically, Congress could create any type of law that criminalizes types of behavior or statements. As with any new law, the law would be subjected to constitutionality scrutiny.

However, that is not the legal issue in this case. The sole issue for the Court's

determination is whether 18 U.S.C. § 704(b), which makes it a crime to falsely represent being awarded significant military awards, is constitutional.  As argued in this response and stated by the Supreme Court on numerous occasions, false statements of fact are not entitled to First Amendment protection because the "expressive content [of a lie] is worthless or of *de minimis* value to society."  *R.A.V. v. City of St. Paul Minnesota*, 505 U.S. 377, 400 (1992), *citing, Chaplinsky*, 315 U.S. at 571-572.   This is clearly seen in reviewing several of the Supreme Court decisions concerning freedom of speech.  When there is an expression of an idea or opinion (valuable speech) as in *Texas v. Johnson*, the Court is likely to offer protection.[2]   This is also true concerning areas of public debate, the press, historical events and figures, and academic theories because the truth of the matter is possibly not known by the speaker or not presented with "actual malice".  However, the Court clearly does not protect known false statements of fact because of their "*de minimis* value."  Here, the defendant knew that his statements about receiving military medals were false.  *See* Attachment E of Doc 27.

Much like there is no value falsely shouting fire in a crowded movie theater, portraying to be a police officer, testifying in court, or answering the questions of a law enforcement officer, there is no value for society when one falsely represents being awarded military medals of valor.  Lies about being awarded military medals only diminishes the valor associated to the medals, the service that it took one to be awarded those medals, and the overall security of this country.  None of which is a benefit to our society.

By falsely representing that he received military medals, the defendant attempted to gain benefit for himself and gain status improperly for his beliefs.  The defendant's fraudulent acts of

---

[2]  491 U.S. 397 (1989).

claiming to be a decorated veteran allowed him to gain credibility among other veterans and with political candidates and their staff. The defendant manipulated the behavior of several veterans and civilians by deceiving them into believing his false military career and awards so they would support his organization. Simply, Strandlof's knowingly false representations impacted the behavior of others. This goes to the heart of why Congress criminalized the acts of falsely claiming military awards;

> These imposters use fake medals-or claim to have medals that they have not earned-to gain credibility in their communities. These fraudulent acts can often lead to the perpetration of very serious crimes [i.e. fraud of others]...We must never allow their service and sacrifice to be cheapened by those who wish to exploit these honors for personal gain.

*See* 151 Cong.Rec. S12684-01.

Dated this 8th day of February 2010.

Respectfully submitted,

DAVID M. GAOUETTE
United States Attorney

By: s/Jeremy Sibert
JEREMY SIBERT
Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Jeremy.Sibert@usdoj.gov

Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2010, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO AMICUS CURIAE BRIEF OF THE AMERICAN CIVIL LIBERTIES UNION OF COLORADO** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

**Robert William Pepin**
Robert_Pepin@fd.org,COX_ECF@fd.org

**Christopher P. Beall**
cbeall@lskslaw.com,mkelley@lskslaw.com,chenning@lskslaw.com

**Jonathan B. Boonin**
boonin@hbcboulder.com,chapman@hbcboulder.com,goe@hbcboulder.com

                                              s/Valerie Nielsen
                                              VALERIE NIELSEN
                                              Legal Assistant
                                              U.S. Attorney's Office
                                              1225 Seventeenth Street, Suite 700
                                              Denver, Colorado 80202
                                              Telephone: (303) 454-0100
                                              Fax:  (303) 454-0406
                                              E-mail: valerie.nielsen@usdoj.gov